UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANA S. SHEATS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> OHIO SECURITY INSURANCE COMPANY, et al, <br><br> Defendants. | CIVIL ACTION NO. 3:21-CV-01607 <br><br> (MEHALCHICK, M.J.) |

**MEMORANDUM**

Plaintiffs William F. Sheats ("Mr. Sheats") and Dana S. Sheats ("Mrs. Sheats") (collectively, the "Sheats"), commenced this action on August 16, 2021, with the filing of a complaint in the Court of Common Pleas of Monroe County, Pennsylvania against Defendants Ohio Security Insurance Company ("Ohio Security"); Liberty Mutual Holding Company, Inc.; LMHC Massachusetts Holdings; Liberty Mutual Group, Inc.; Liberty Mutual Insurance Company; and Ohio Casualty Corporations (collectively, "Defendants"). (Doc. 1-2, at 5-6). Defendants removed this action to the United States District Court for the Middle District of Pennsylvania on September 17, 2021. (Doc. 1). The Sheats filed an amended complaint on October 6, 2021, alleging a claim for underinsured motorist benefits ("UIM") (Count I), loss of consortium (Count II), breach of contract (Count III), and statutory bad faith (Count IV). (Doc. 6, at 1-9).

Defendants move to strike the "bad faith" allegations and requests for attorneys' fees contained in Count III. (Doc. 12, at 2-3). For the following reasons, Defendants' motion to strike shall be **GRANTED in part** and **DENIED in part**. (Doc. 12).

I. **BACKGROUND AND PROCEDURAL HISTORY**

On August 16, 2021, the Sheats filed a complaint in the Court of Common Pleas of Monroe County, Pennsylvania against Defendants. (Doc. 1-2, at 5-6). On September 17, 2021, Defendants removed the action to this Court. (Doc. 1). Defendants filed a motion to dismiss on September 24, 2021, which was rendered moot by the filing of the Sheats' amended complaint on October 6, 2021. (Doc. 4; Doc. 6; Doc. 8).

In their amended complaint, the Sheats allege that Mr. Sheats was in an automobile accident while both he and Mrs. Sheats were insured under an auto insurance police issued by Ohio Security. (Doc. 6, at 2). As a result of the accident, Mr. Sheats suffered personal injuries due to the collision and has continued treatment for his injuries. (Doc. 6, at 2-3). Additionally, Mrs. Sheats alleges that she has been and will be deprived of the services, assistance, consortium, and companionship of Mr. Sheats, her husband. (Doc. 6, at 3-4). The Sheats brought a civil action against the other driver in the accident and reached a settlement agreement with GEICO for both the civil action against the driver and for underinsured coverage. (Doc. 6, at 2-3). The Sheats notified Ohio Security of the UIM claim. (Doc. 6, at 3). The Sheats allege that Ohio Security breached the implied contractual duty to act in good faith and fair dealing with the Sheats by failing to adequately respond and consider their underinsured motorists claim under their policy and seek judgment against Ohio Security. (Doc. 5, at 3-5, 8). Additionally, the Sheats claim that Ohio Security acted in bad faith under 42 Pa. C.S.A. § 8371. (Doc. 6, at 9). The Sheats seek monetary damages, punitive damages, and attorneys' fees.[1] (Doc. 6, at 9).

---

[1] In Count III, the breach of contract claim, the Sheats seek "counsel fees pursuant to 42 Pa. C.S.A. §§ 2503(7) and (9) (2004)."

On November 1, 2021, Defendants filed a motion to strike the Sheats' bad faith allegations and request for counsel fees pursuant to 42 Pa. C.S.A. §§ 2503(7) and (9) in Count III of their amended complaint, asserting that the allegations are "immaterial and impertinent to the cause of action for Breach of Contract" and the request for counsel fees is improper. (Doc. 12, at 2-3, 6-8). The motion to strike has been fully briefed and is now ripe for decision. (Doc. 12; Doc. 14; Doc. 15).

## II.   LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The "purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Natale v. Winthrop Res. Corp.*, No. 07-2686, 2008 WL 2758238, at *14 (E.D. Pa. July 9, 2008) (internal quotation marks omitted).

"Content is immaterial when it has no essential or important relationship to the claim for relief. Content is impertinent when it does not pertain to the issues raised in the complaint. Scandalous material improperly casts a derogatory light on someone, most typically on a party to the action." *Champ v. USAA Casualty Insurance Company*, 2020 WL 1694372, at *2 (E.D. Pa. 2020); quoting *Lee v. Eddystone Fire & Ambulance*, No. 19-cv-3295, 2019 WL 6038535, at *2 (E.D. Pa. Nov. 13, 2019) (quotation omitted). "[S]triking a pleading or a portion of a pleading 'is a drastic remedy to be resorted to only when required for the purposes of justice.' "*Id.;* quoting *Lee v. Dubose Nat'l Energy Servs., Inc.*, No. 18-cv-2504, 2019 WL 1897164, at *4 (E.D. Pa. Apr. 29, 2019) (same). Thus, motions to strike pursuant to Rule 12(f) are generally disfavored "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the

case." *Natale*, 2008 WL 2758238, at *14 (quoting *River Rd. Devel. Corp. v. Carlson Corp.,* No. 89-7037,1990 WL 69085, at *2 (E.D. Pa. May 23, 1990)); *Eddystone Fire*, 2019 WL 6038535 at *3 (same).

Further, "[w]hen faced with allegations that could possibly serve to achieve a better understanding of plaintiff's claims or perform any useful purpose in promoting the just disposition of the litigation, courts generally deny such motions to strike." *Cestra v. Mylan, Inc.*, No. 14-825, 2015 WL 2455420, at *7 (W.D. Pa. May 22, 2015) (quoting *Eisai Co. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 425 (D.N.J. 2009), *as amended* (July 6, 2009)).

### III. DISCUSSION

#### A. COMMON LAW BREACH OF CONTRACT – BAD FAITH CLAIM

Defendants contend that the Sheats' bad faith allegations contained in Count III of the amended complaint should be stricken because they include a statutory bad faith action in Count IV of their amended complaint rendering Count III of their amended complaint "impertinent, immaterial and irrelevant" to their other claims. (Doc. 14, at 5-6). Additionally, Defendants assert that the Sheats' common law bad faith allegations are not proper in a UIM claim as Defendants handling of the Sheats' claims is "immaterial and impertinent to the issues of third party liability and/or damages." (Doc. 14, at 9). The Sheats aver that their bad faith claims are relevant as Count III "introduces . . . factual statements" that support a common law bad faith claim that are not encompassed in their UIM claims in Counts I and II. (Doc. 15, at 3-4). Additionally, Plaintiffs submit that a contract-based bad faith claim is distinct from a statutory bad faith claim. (Doc. 15, at 4).

"Under Pennsylvania law, bad faith by an insurance company can give rise to two separate causes of action: a breach of contract action for violation of an insurance contract's

implied duty of good faith, and a statutory action under the terms of Pennsylvania's bad faith statute,42 Pa. Cons. Stat. § 8371." *Pommells v. State Farm Insurance*, 2019 WL 2339992, at *6 (E.D. Pa. 2019); quoting *Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 496-97 (3d Cir. 2015). With respect to a breach of contract action, Pennsylvania courts have held that "the common law duty of good faith and fair dealing is implied in every contract." *Tubman v. USAA Cas. Ins. Co.,* 943 F. Supp. 2d 525, 529 (E.D. Pa. 2013) (citing *Excelsior Ins. Co. v. Incredibly Edible Delites*, No. 09-3198, 2009 WL 5092613, at *3 (E.D. Pa. Dec. 17, 2009)). Operating from that premise, courts have consistently concluded that a plaintiff cannot bring a freestanding common law bad faith claim and a separate breach of contract claim, as the former is subsumed within the latter. *See* McDonough v. State Farm Fire & Cas. Co., 365 F. Supp. 3d 552, 558-559 (E.D. Pa. 2019); *Blackwell v. Allstate Ins. Co.*, No. 14-878, 2014 WL 4375592, at *4 (E.D. Pa. Sept. 3, 2014); *Zeglen v. Nw. Mut. Life Ins. Co.*, No. 14-173, 2014 WL 4215531, at *3 (M.D. Pa. Aug. 25, 2014) (citation omitted); *Tubman*, 943 F. Supp. 2d at 529; *Fingles v. Cont'l Cas. Co.*, No. 08-5943, 2010 WL 1718289, at *3-4 (E.D. Pa. Apr. 28, 2010).

Defendants contend that "allegations relating to [its] claims handling . . . are immaterial and impertinent to the issues of third-party liability and/or damages." (Doc. 14, at 9). These paragraphs are neither immaterial, impertinent, or scandalous. They pertain to the matter, and to the allegations of bad faith and breach of contract on the part of the Defendants. In short, they are related to the controversy before the Court. Given the drastic nature of a motion to strike, Defendants' motion to strike these paragraphs is denied as there is no prejudice to the paragraphs remaining in the complaint and the paragraphs are related

to the controversy. See *Champ v. USAA Casualty Insurance Company*, 2020 WL 1694372, at *3 (E.D. Pa. 2020).[2]

    B.    R<small>EQUEST FOR</small> C<small>OUNSEL</small> F<small>EES</small>

Defendants also move to strike the Sheats' request for counsel fees in Count III, submitting that their reliance on 42 Pa. C.S.A. § 2503, is inapplicable, there is no contractual provision that would permit the recovery of counsel fees, and there is no other established exception to permit an award of attorneys' fees. (Doc. 14, at 12-13). The Sheats' submit that striking their request for attorneys' fees would be premature as 42 Pa. C.S.A. §§ 2503(7) and (9) permit an award of attorneys' fees when the opposing party's "litigation conduct is 'dilatory, obdurate, or vexatious' 'during the pendency' of" the action. (Doc. 15, at 6).

Under Pennsylvania law "[t]he general rule [that each party is responsible for his or her own attorneys' fees] holds true unless there is express statutory authorization, a clear agreement of the parties or some other established exceptions." *Donahue v. Burns*, No. 3:13cv7, 2013 WL 1969444, at *3 (M.D. Pa. May 13, 2013) (citing *Luciano v. Commonwealth*, 570 Pa. 277, 809 A.2d 264, 267 (Pa. 2002); *McMullen v. Kutz*, 985 A.2d 769, 775 (Pa. 2009); *Mosaica Acad. Charter Sch. v. Commonwealth*, 813 A.2d 813, 822 (Pa. 2002)) (internal quotations omitted). Neither party alleges that there is an agreement between them regarding attorneys' fees or that an exception applies that would permit such recovery. "Additionally, attorney's fees are not statutorily permitted in breach of contract actions." *Donahue*, 2013 WL 1969444, at *3. There is no basis for recovery of counsel fees at this time. *See Castillo v. Progressive Ins.*, 2019 WL 5692771, at *4 (M.D. Pa. Nov. 4, 2019) ("Plaintiff does not cite to an agreement

---

    [2] Denial of the motion to strike should be in no way construed as the Court making any finding as to the viability of these claims at a dispositive motion or trial stage.

between the parties, statutory authorization or any other exception that would allow for recovery of attorney's fees for the breach of contract claim. Accordingly, we will . . . strike the claim for attorney's fees from the breach of contract claim."); Kochmer v. Fidelity Nat. Title Ins. Co., No. 3:12-CV-1676, 2013 WL 1716019, at *3 (M.D. Pa. Apr. 19, 2013) (striking the plaintiffs' request for attorneys' fees in a breach of contract action when the insurance policy did not authorize an award of attorneys' fees and there were "no grounds, statutory or otherwise, to form the basis for such fees"); c.f. Keller v. Lackawanna Cty., No. 3:15-2511, 2017 WL 3268154, at *8 (M.D. Pa. Aug. 1, 2017) (finding that because the agreement between the parties was not provided, it was premature for the Court to conclude that attorneys' fees should be struck from the breach of contract action).

While the Sheats may be entitled to attorney fees pursuant to 42 Pa Cons. Stat. § 2503 if at some point there is a finding that counsel or a party has acted in bad faith, or conducted themselves in a "dilatory, obdurate or vexatious" manner during litigation, South Middleton Twp. v. Amerifreight Sys. LLC, No. 1:17-CV-0269, 2018 WL 4207765, at *3 (M.D. Pa. Sept. 4, 2018) (quoting Lewis v. Delp Fam. Powder Coatings, Inc., No. 08-cv-1365, 2011 WL 1230207 at *4 (W.D. Pa. Mar. 31, 2011); 42 Pa. Cons. Stat. § 2503), such a finding would be made at the summary judgment or post-trial stage. See South Middleton, 2018 WL 4207765, at *3. As such, the Sheats' request for counsel fees under this statute and as part of Count III is premature and shall be stricken without prejudice to its refiling if appropriate at a later date. See South Middleton, 2018 WL 4207765, at *4. Defendants' motion to strike shall be granted and the Sheats' request for attorneys' fees shall be stricken. (Doc. 12, at 6; Doc. 1, at 8); see Villalta v. State Farm Mut. Ins. Co., No. 2:13-cv-00832, 2013 WL 12140441, at *1 (W.D. Pa. Sept. 27, 2013) (granting a defendant's motion to strike a plaintiff's demand for attorneys' fees for her

breach of contract claim and stating that "Plaintiff has identified no statutory or contractual provision entitling her to attorney's fees for breach of contract, such demand will be stricken from the pleadings"); *Getz v. State Farm Ins. Co.*, No. 3:12-CV-82, 2012 WL 5288795, at *2 (W.D. Pa. Oct. 24, 2012) (granting a defendant's motion to strike a plaintiff's demand for attorneys' fees from her breach of contract claim).

IV. CONCLUSION

For the following reasons, Defendants' motion to strike is **GRANTED in part** and **DENIED in part**. (Doc. 12). Defendants' motion to strike Plaintiffs' request for counsel fees pursuant to 42 PA. C.S.A. §§ 2503(7) and (9) in Count III is **GRANTED**. (Doc. 12, at 6). Defendants' motion to strike Plaintiffs' bad faith allegations in Count III is **DENIED**. (Doc. 12, at 3).

An appropriate Order follows.

BY THE COURT:

Dated: August 3, 2022

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**